| | |
|---|---|
| **Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address**<br><br>Steven A. Wolvek, Esq., SBN 146965<br>Law Offices of Steven A. Wolvek<br>23480 Park Sorrento, Suite 109A<br>Calabasas, CA 91302<br>818-227-3379 / FAX 818-227-3383<br>wolveklaw@sbcglobal.net<br><br><br><br><br><br>☐ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without an attorney* | **FOR COURT USE ONLY** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** ~~SAN FERNANDO Valk~~ **DIVISION**

| | |
|---|---|
| In re:<br><br>*Bernel Lopez*<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: *11-10316 mt*<br>CHAPTER: 13<br><br>**DEBTOR'S MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]**<br><br>DATE: *4-12-11*<br>TIME: *9 AM*<br>COURTROOM: *3m*<br>PLACE: *21041 Burbank Blvd Woodland Hills, CA 91367* |

**NAME OF CREDITOR HOLDING JUNIOR LIEN ("Respondent"):** *Bank of America*

**A. Property at Issue:** Debtor moves to avoid the junior deed of trust, mortgage or other encumbrance (hereinafter, "Lien") encumbering the following real property (hereinafter, the "Property"), which is the principal residence of debtor(s).

Street Address: *7409 Mason Avenue*
Unit Number:
City, State, Zip Code: *Canoga Park, CA 91306*

Legal description or document recording number (including county of recording): *APN 2113-002-002 Tract 20481, Lot 15 Map 8304*

☐ See attached page.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*  Page 1  **F 4003-2.4.MOTION**

**B. Case History:**

1.   A voluntary petition under Chapter ☐ 7   ☐ 11   ☐ 12   ☒ 13 was filed on: _1-7-11_

2.   ☐ An Order of Conversion to Chapter 13 was entered on *(specify date):*

**C. Grounds for Avoidance of Junior Lien:**

1.   As of _1/29/11_, the Property is subject to the following liens in the amounts specified securing the debt against the Property, which the debtor seeks to have treated as indicated:

i.   _BANK OF AMERICA_ in the amount of $ _320,000_ .

ii.  _BANK OF AMERICA_ in the amount of $ _80,000_    ☒ is ☐ is not
     to be avoided;

iii. _____ in the amount of $ _____    ☐ is ☐ is not
     to be avoided;

☐ See attached page for additional lien(s).

2.   As of _1/29/11_, Property is worth no more than $ _260,000_ .

     a. As a result, Respondent's Lien encumbering the Property is wholly unsecured.

3.   **Evidence in Support of Motion:**

a.   ☒ The amount of the lien identified in paragraph C(1)(i) is based on _Debtors Declaration_, attached hereto and identified as Exhibit _A_ .

b.   ☒ The amount of the lien identified in paragraph C(1)(ii) is based on _Proof of Claim_ attached hereto and identified as Exhibit _B_ .

c.   ☐ The amount of the lien identified in paragraph C(1)(iii)) is based on_____, attached hereto and identified as Exhibit ___ .

d.   ☒ The relative priority of the liens encumbering the Property is established by evidence attached as Exhibit _A_ .

e.   ☒ The value of the Property from paragraph C(2) is based on _APPRAISAL_, attached as

f.   ☒ Exhibit _C_ .

g.   ☒ Debtor submits the attached Declaration(s).

h.   ☐ Other evidence *(specify):* _____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                              Page 2                        **F 4003-2.4.MOTION**

4. **WHEREFORE, Debtor prays that this Court issue an Order granting the following relief:**

  a.  That the Property is valued at no more than $ _260,000_____ .

  b.  That no payments are to be made on the secured claim of the Respondent, and regular mortgage maintenance payments are not to be made, before the Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

  c.  That the Respondent's claim on the junior position lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim.

  d.  That the avoidance of the Respondent's junior lien is contingent upon:  The Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

  e.  That the Respondent shall retain its lien in the junior position for the full amount due under the corresponding note and lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the United States Bankruptcy Code, or if the Property is sold or refinanced prior to the Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

  f.  That in the event that the holder of the first position lien or any senior lien on the Property forecloses on its interest and extinguishes the Respondent's lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the Respondent's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

5. ☐ See attached continuation page for additional provisions.

Dated: _2-24-11_____

Respectfully submitted,

By: _____
   *Signature of Debtor or Attorney for Debtor*

Name: _STEVEN WBLUEK_____
   *Type Name of Debtor or Attorney for Debtor*

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 3                          F 4003-2.4.MOTION

**EXHIBIT "A"**

## DECLARATION OF BERMEL BOGEZ

I, BERMEL GOPEZ, if called as a witness would and could testify to the following facts from my own personal knowledge.

1.      I am the DEBTOR in the above-entitled action. I filed this action to protect and save my residence from foreclosure. My property is encumbered with a first deed of trust owed to BANK OF AMERICA. I have a second deed of trust owed to BANK OF MAERICA.

2.      I retained the services of Arrow Appraisals Inc., to do an appraisal of my property. I have no interested in that company nor do I have any relationship with any of its employees. They did an appraisal of my property which is attached hereto as Exhibit "C". The appraisal shows my property has an approximate value of $260,000.

3.      I have received a statement from BANK OF AMERICA indicating I owe on my first trust deed at least $320,000.00.

4.      I have received a proof of claim from BANK OF AMERICA indicating I owe on my second trust deed at least $80,000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24TH day of February, 2011 in Woodland Hills, California.


/s/ Bermel Gopez (EEiLiNG Dec to be filed Separately)
BERMEL GOPEZ

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Steven A. Wolvek 146965<br>Law Offices of Steven Wolvek<br>23901 Calabasas Road, Suite 1063<br>Calabasas, CA  91302<br><br>☑ Attorney for | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br>Gopez, Bermel<br><br>Debtor(s). | CASE NO.: 11-10316 MT<br>CHAPTER: **13**<br>ADV. NO.: |
|---|---|

### ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

☐ Petition, statement of affairs, schedules or lists   Date Filed: _____

☑ Amendments to the petition, statement of affairs, schedules or lists   Date Filed: _2-24-11_

☑ Other: _LAM Declaration_   Date Filed: _2-24-11_

### PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a Statement of Social Security Number(s) (Form B21) and provided the executed original to my attorney.

**/s/ Bermel Gopez**

Signature of Signing Party   Date

**Bermel Gopez**
Printed Name of Signing Party

Signature of Joint Debtor (if applicable)   Date

Printed Name of Joint Debtor (if applicable)

### PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the Declaration of Debtor(s) or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the Statement of Social Security Number(s) (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the Statement of Social Security Number(s) (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement of Social Security Number(s) (Form B21) available for review upon request of the Court.

**/s/ Steven A. Wolvek**

Signature of Attorney for Signing Party   Date

**Steven A. Wolvek**
Printed Name of Attorney for Signing Party

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

November 2006

© 1993-20C9 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT "B"

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor:  Bermel Gopez | Case Number: SV11-10316-MT |
|---|---|

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property)<br>Bank of America, N.A. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Bank of America, N.A.<br>P.O. Box 26012, NC4-105-02-99<br>Greensboro, North Carolina 27420 | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br>Bank of America, N.A.<br>P.O. Box 26012, NC4-105-02-99<br>Greensboro, North Carolina 27420<br><br>Telephone Number: | ¯ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.<br><br>¯ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $80,800.47<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any  portion of your claim falls in one of the following categories, check the box  and state the amount.**<br><br>Specify the priority of the claim. |
| 2. **Basis for Claim:**  Money Loaned<br>      (See instruction #2 on reverse side.) | Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. **Last four digits of any number by which creditor identifies debtor:** xxxxxxxxxx0299<br><br>   **3a. Debtor may have scheduled account as:** _____<br>      (See instruction #3a on reverse side.) | Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 4. **Secured Claim** (See instruction #4 on reverse side.)<br>   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested  information.<br><br>**Nature of property or right of setoff:** ☒  Real Estate ☐  Motor Vehicle ☐  Other: _____<br>**Describe:**  7409 Mason Ave, Winnetka, California 91306<br><br>**Value of Property:** not available      **Annual Interest Rate:**<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $2,805.86 **Basis for perfection:** Recordation of Lien<br><br>   **Amount of Secured Claim:** $80,800.47   **Amount Unsecured** $0.00 | Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 6. **Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING<br>If the documents are not available, please explain: | **Amount entitled to priority:**<br>    $_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>February 8, 2011 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or  other person authorized to file this claim and state address and telephone number if different from the notice  address above  Attach copy of power of attorney, if any.<br>/s/ Lawrence J. Buckley  as Creditor's Authorized Agent<br>972.643.6600 | FOR COURT USE ONLY |
|---|---|---|
| | P.O. Box 829000<br>Dallas, TX 75382-9000 | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
5610-N-5200

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. SV11-10316-MT** |
| **BERMEL GOPEZ** | § | |
| **DBA ROCKING CHAIRS** | § | **CHAPTER 13** |
| **FAW HEAVENS KITCHEN, INC** | § | |
| | § | **JUDGE MAUREEN TIGHE** |

## EXHIBIT A

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF BANK OF AMERICA, N.A.
REGARDING CERTAIN COLLATERAL DESCRIBED AS:
7409 MASON AVE, WINNETKA, CALIFORNIA 91306

### SECTION 1. ITEMIZATION OF CLAIM

| | | |
|---|---|---|
| 1. | Total Debt (As of January 7, 2011) | $80,800.47 |
| 2. | Interest rate as of January 7, 2011 | 0.00% |
| 3. | Detail of arrearage: (through January 7, 2011) | |
| | Delinquent Interest | $2,765.86 |
| | Accrued late charges | $40.00 |
| | TOTAL ARREARAGE | $2,805.86 |

Please be advised that this is a Credit Line Revolving Loan Agreement. The monthly finance charge is determined by calculating the interest on the average daily balance of the account at the end of each billing cycle. As such, ongoing post-petition payments can change each month depending on the account balance during each billing cycle. Please reference the attached agreement for a more detailed breakdown of how monthly charges are calculated.

File Number 3610-N-5200 / poc  Trustee Elizabeth F. Rojas

**EXHIBIT "C"**

## DECLARATION OF HENIK (RICK) SAROUKHANIAN

I, HENRIK (RICK) SAROUKHANIAN, if called as a witness would and could testify to the following facts from my own personal knowledge.

1.  I am a licensed real estate appraiser. I was contacted by Bermel Gopez and completed an appraisal of the property located at 7409 Mason Avenue, Canoga Park, California on 1-29-11. Attached hereto as Exhibit "C" is a true and correct copy of the appraisal.

2.  I have no other relationship with the homeowner other than being hired to do this appraisal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of February 2011 in Calabasas, California.

HENRIK (RICK) SAROUKHANIAN

1

File No.: GOPEZ/2011

## APPRAISAL OF REAL PROPERTY



### Date of Valuation:
JANUARY 29 2011

### Located At:
7409 MASON AVENUE
TRACT # 20481 LOT 15
CANOGA PARK, CA 91306

### For:
GOPEZBERMEL C & DALISAY T
7409 MASON AVENUE, CANOGA PARK, CA 91306

### Table of Contents:

Exterior-Only ........................................................................................................................................ 1
Plat Map .............................................................................................................................................. 7
Location Map ....................................................................................................................................... 8
Subject Photos .................................................................................................................................... 9
Comparable Photos 1-3 ...................................................................................................................... 10
SureDocs Verify .................................................................................................................................. 11

**Exterior-Only Inspection Residential Appraisal Report**

GOPEZ/2011
File # GOPEZ/2011

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | |
|---|---|
| Property Address 7409 MASON AVENUE | City CANOGA PARK   State CA   Zip Code 91306 |
| Borrower GOPEZ,BERMEL C & DALISAY T   Owner of Public Record VGOPEZ,BERMEL C & DALISAY | County LOS ANGELES |

Legal Description   TRACT # 20481 LOT 15

| Assessor's Parcel #   2113-002-002 | Tax Year 2010 | R.E. Taxes $ 3,838.95 |
|---|---|---|
| Neighborhood Name N/A | Map Reference 530D4 | Census Tract 5707.01 |

Occupant ☒ Owner ☐ Tenant ☐ Vacant   Special Assessments $ N/A   ☐ PUD  HOA $ ☐ per year ☐ per month

Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe)

Assignment Type ☐ Purchase Transaction ☐ Refinance Transaction ☒ Other (describe)   Determination of Market Value

Lender/Client GOPEZBERMEL C & DALISAY T   Address 7409 MASON AVENUE, CANOGA PARK, CA 91306

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?   ☐ Yes ☒ No

Report data source(s) used, offering price(s), and date(s).

I ☐ did ☒ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $ N/A   Date of Contract N/A   Is the property seller the owner of public record? ☐ Yes ☒ No   Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? ☐ Yes ☐ No
If Yes, report the total dollar amount and describe the items to be paid.   NONE

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location ☐ Urban ☒ Suburban ☐ Rural | | | Property Values ☐ Increasing ☐ Stable ☒ Declining | | | PRICE | AGE | One-Unit | 80 % |
| Built-Up ☒ Over 75% ☐ 25-75% ☐ Under 25% | | | Demand/Supply ☐ Shortage ☒ In Balance ☐ Over Supply | | | $ (000) | (yrs) | 2-4 Unit | 10 % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | | | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | | | 200 Low NEW | | Multi-Family | 5 % |
| Neighborhood Boundaries SATICOY NORTH, SHERMAN OAKS SOUTH, LURLINE WEST ADN | | | | | | 400 High 100 | | Commercial | 5 % |
| WINNETKA TO THE EAST. | | | | | | 280 Pred. 65 | | Other | % |

Neighborhood Description   MOST PROPERTIES IN AVERAGE CONDITION AND MAINTAINED WELL. VACANCIES LIMITED TO APPROX. 3-5%. NO ADVERSE INFLUENCES ON MARKETABILITY NOTED. THIS IS A APPRAISAL SUMMARY REPORT AS DEFINED BY THE APPRAISAL STANDARDS BOARD OF THE APPRAISAL FOUNDATION AND COMPLIES WITH USPAP.

Market Conditions (including support for the above conclusions)   DECLINING MARKET CONDITIONS EXIST WITH AFFORDABLE INTEREST RATES AVAILABLE. NO LOAN DISCOUNTS OR INTEREST BUY DOWNS APPEAR NECESSARY. CONVENTIONAL FINANCING IS PREDOMINANT. CONDOMINIUMS SELL USUALLY WITHIN 3-6 MONTHS, WHICH APPEARS TO BE THE NORM IN THE MARKET

| Dimensions (PLEASE SEE ATTACHED PLAT MAP) Area 7,320 | Shape RECTANGULAR | View N/A |
|---|---|---|

Specific Zoning Classification LARS   Zoning Description SINGLE FAMILY RESIDENCE

Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No If No, describe

| Utilities Public Other (describe) | | Public Other (describe) | | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|
| Electricity ☒ ☐ | | Water ☒ ☐ | | Street ASPHALT | ☒ | ☐ |
| Gas ☒ ☐ | | Sanitary Sewer ☒ ☐ | | Alley NONE | | |

FEMA Special Flood Hazard Area ☐ Yes ☒ No   FEMA Flood Zone D   FEMA Map # 06037C0810F   FEMA Map Date 9/26/2008

Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No If No, describe

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No If Yes, describe

Source(s) Used for Physical Characteristics of Property ☐ Appraisal Files ☒ MLS ☒ Assessment and Tax Records ☐ Prior Inspection ☐ Property Owner
☐ Other (describe)   Data Source for Gross Living Area NDC DATA

| General Description | | Heating/Cooling | | Amenities | | Car Storage | |
|---|---|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | ☐ Concrete Slab ☒ Crawl Space | ☒ FWA ☐ HWBB | ☒ Fireplace(s) # 1 | ☐ None | | |
| # of Stories 1 | ☐ Full Basement ☐ Finished | ☐ Radiant | ☐ Woodstove(s) # | ☒ Driveway # of Cars 2 | | |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | ☐ Partial Basement ☐ Finished | ☐ Other   Fuel | ☒ Patio/Deck 1 | Driveway Surface 2 | | |
| ☒ Existing ☐ Proposed ☐ Under Const. | Exterior Walls STUCCO/AVG | ☐ Porch | ☒ Garage # of Cars 2 | | | |
| Design (Style) CONV/AVG | Roof Surface SHNGL/AVG | ☒ Central Air Conditioning | ☒ Pool | ☐ Carport # of Cars | | |
| Year Built 1955 | Gutters & Downspouts YES/YES | ☐ Individual | ☐ Fence | ☒ Attached ☐ Detached | | |
| Effective Age (Yrs) 30 | Window Type WD/AVG | ☐ Other | ☐ Other | ☐ Built-in | | |

Appliances ☐ Refrigerator ☐ Range/Oven ☐ Dishwasher ☐ Disposal ☐ Microwave ☐ Washer/Dryer ☐ Other (describe)   EXTERIOR-DRIVEWAY

Finished area above grade contains:   6 Rooms   3 Bedrooms   2 Bath(s)   1,324 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.)   UNKNOWN- EXTERIOR DRIVEBY APPRAISAL

Describe the condition of the property and data source(s) (including apparent needed repairs, deterioration, renovations, remodeling, etc.).   UNKNOWN-EXTERIOR DRIVEBY APPRAISAL

Are there any apparent physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No
If Yes, describe.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No If No, describe.

**Exterior-Only Inspection Residential Appraisal Report**
GOPEZ/2011
File # GOPEZ/2011

| | | | | |
|---|---|---|---|---|
| There are | 8 | comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 240,000 | | to $ 525,000 |
| There are | 15 | comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 200,000 | | to $ 450,000 |

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | COMPARABLE SALE # 2 | COMPARABLE SALE # 3 |
|---|---|---|---|---|
| Address | 7409 MASON AVENUE CANOGA PARK, CA 91306 | 20651 COVELLO STREET CANOGA PARK, CA. | 7360 FULLBRIGHT AVENUE WINNETKA, CA. | 7336 DELCO AVENUE WINNETKA, CA. |
| Proximity to Subject | | 0.28 miles NW | 0.14 miles E | 0.12 miles SE |
| Sale Price | $ N/A | $ 239,000 | $ 285,000 | $ 350,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 196.55 sq.ft. | $ 181.18 sq.ft. | $ 203.49 sq.ft. |
| Data Source(s) | | NDC/PUBLIC RECORDS/MLS | NDC/PUBLIC RECORDS/MLS | NDC/PUBLIC RECORDS/MLS |
| Verification Source(s) | | DOC#1230362 | DOC#1814509 | DOC#1372943 |

| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
|---|---|---|---|---|---|---|---|
| Sales or Financing | | 96% LTV CNV | | 77% LTV CNV | | 98% LTV FHA | |
| Concessions | | N/A | | N/A | | N/A | |
| Date of Sale/Time | | 9/1/2010 | | 12/8/2010 | | 9/28/2010 | |
| Location | AVG/BUSY | AVG | -15,000 | AVG | -15,000 | AVG | -15,000 |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 7,320 | N/A | | N/A | | N/A | |
| View | N/A | NONE | | NONE | | NONE | |
| Design (Style) | CONV/AVG | CONV/AVG | | CONV/AVG | | CONV/AVG | |
| Quality of Construction | AVG | AVG | | AVG | | AVG | |
| Actual Age | 56 | 55 | | 55 | | 55 | |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade | Total 6 Bdrms. 3 Baths 2 | Total 6 Bdrms. 3 Baths 2 | | Total 6 Bdrms. 3 Baths 2 | | Total 6 Bdrms. 3 Baths 2 | |
| Room Count | 6 3 2 | 6 3 2 | | 6 3 2 | | 6 3 2 | |
| Gross Living Area | 1,324 sq.ft. | 1,216 sq.ft. | +3,200 | 1,573 sq.ft. | -7,500 | 1,720 sq.ft. | -11,900 |
| Basement & Finished | N/A | N/A | | N/A | | N/A | |
| Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | AVG | AVG | | AVG | | AVG | |
| Heating/Cooling | FAU/CAC | SIMILAR | | SIMILAR | | SIMILAR | |
| Energy Efficient Items | NONE | NIONE | | NIONE | | NIONE | |
| Garage/Carport | 2CAR GARAGE | 2CAR GARAGE | | 2CAR GARAGE | | 2CAR GARAGE | |
| Porch/Patio/Deck | PATIO/POOL | PATIO/POOL | | PATIO/POOL | | PATIO/POOL | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | -11,800 | ☐ + ☒ - $ | -22,500 | ☐ + ☒ - $ | -26,900 |
| Adjusted Sale Price of Comparables | | Net Adj. 4.9 % Gross Adj. 7.6 % $ | 227,200 | Net Adj. 7.9 % Gross Adj. 7.9 % $ | 262,500 | Net Adj. 7.7 % Gross Adj. 7.7 % $ | 323,100 |

I ☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s)
My research ☐ did ☒ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s)
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | NONE | NONE | NONE | NONE |
| Price of Prior Sale/Transfer | NDC | NDC | NDC | NDC |
| Data Source(s) | | | | |
| Effective Date of Data Source(s) | 1/23/2011 | 1/23/2011 | 1/23/2011 | 1/23/2011 |

Analysis of prior sale or transfer history of the subject property and comparable sales    SUBJECT PROPERTY HAS NOT BEEN TRANSFERRED
WITHIN PAST 36 MONTHS AS PER NDC DATA RECORDS.

Summary of Sales Comparison Approach    ALL COMPARABLES ARE LOCATED WITHIN THE SAME GENERAL MARKET AREA AS
SUBJECT AND ARE THE MOST PROXIMATE AND SIMILAR COMPARABLES AVAILABLE AT THIS PRESENT TIME.

COMP#1 SUPERIOR LOCATION, DUE TO SUBJECT'S BUSY STRET, INFERIOR G.L.A.
COMP#2 SUPERIOR LOCATION, DUE TO SUBJECT'S BUSY STRET, SUPERIOR G.L.A.
COMP#3 SUPERIOR LOCATION, DUE TO SUBJECT'S BUSY STRET, SUPERIOR G.L.A.

Indicated Value by Sales Comparison Approach $    260,000

| Indicated Value by: Sales Comparison Approach $ 260,000 | Cost Approach (if developed) $ 260,400 | Income Approach (if developed) $ 0 |
|---|---|---|

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been
completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the
following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:

Based on a visual inspection of the exterior areas of the subject property from at least the street, defined scope of work, statement of assumptions and limiting
conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$ 260,000 , as of JANUARY 29 2011 , which is the date of inspection and the effective date of this appraisal.

Form 2055 - "TOTAL 2010" appraisal software by a la mode, inc. - 1-800-ALAMODE    Serial# 94842BEF

Page # 3

**Exterior-Only Inspection Residential Appraisal Report**          GOPEZ/2011
File # GOPEZ/2011

**• About SureDocs Signature**
This appraisal report has been electronically signed using SureDocs by a la mode. It is as valid and legally enforceable as a wet ink signature on paper. You can verify the authenticity of this report online at www.SureDocs.com/Validate.

*(ADDITIONAL COMMENTS section — blank)*

**COST APPROACH TO VALUE (not required by Fannie Mae)**

Provide adequate information for the lender/client to replicate the below cost figures and calculations.
Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)

| ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW | OPINION OF SITE VALUE ............................................ =$ | 104,000 |
|---|---|---|
| Source of cost data   MARSHALL AND SWIFT | DWELLING   1,324 Sq.Ft. @ $   200.00 ........ =$ | 264,800 |
| Quality rating from cost service   AVG   Effective date of cost data   5/2010 | Sq.Ft. @ $   0.00 ........ =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | ........ =$ | |
| LAND VALUE DERIVED FROM ABSTRACTION AND IS | Garage/Carport   400 Sq.Ft. @ $   70.00 ........ =$ | 28,000 |
| TYPICAL FOR THE GENERAL MARKET. PHYSICAL | Total Estimate of Cost-New ........ =$ | 292,800 |
| DEPRECIATION ESTIMATED BY AGE/LIFE METHOD.NO | Less   Physical   Functional   External | |
| FUNCTIONAL OR EXTERNAL DEPRECIATION NOTED. | Depreciation   146,400 =$( | 146,400) |
| | Depreciated Cost of Improvements ............................. =$ | 146,400 |
| | "As-is" Value of Site Improvements ............................. =$ | 10,000 |
| Estimated Remaining Economic Life (HUD and VA only)   30 Years | INDICATED VALUE BY COST APPROACH ............................ =$ | 260,400 |

**INCOME APPROACH TO VALUE (not required by Fannie Mae)**

| Estimated Monthly Market Rent $   0   X Gross Rent Multiplier   0   = $   0 | Indicated Value by Income Approach |
|---|---|
| Summary of Income Approach (including support for market rent and GRM)   N/A | |

**PROJECT INFORMATION FOR PUDs (if applicable)**

Is the developer/builder in control of the Homeowners' Association (HOA)?   ☐ Yes  ☒ No   Unit type(s)   ☒ Detached   ☐ Attached
Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.
Legal Name of Project   N/A

| Total number of phases   N/A   Total number of units   N/A   Total number of units sold   N/A |
|---|
| Total number of units rented   N/A   Total number of units for sale   N/A   Data source(s)   N/A |
| Was the project created by the conversion of existing building(s) into a PUD?   ☐ Yes  ☐ No   If Yes, date of conversion   N/A |
| Does the project contain any multi-dwelling units?   ☐ Yes  ☐ No  Data Source(s) |
| Are the units, common elements, and recreation facilities complete?   ☐ Yes  ☐ No  If No, describe the status of completion.   N/A |

Are the common elements leased to or by the Homeowners' Association?   ☐ Yes  ☐ No  If Yes, describe the rental terms and options.   N/A

Describe common elements and recreational facilities.   N/A

Form 2055 - "TOTAL 2010" appraisal software by a la mode, inc. - 1-800-ALAMODE      Serial# 94842BEF

**Exterior-Only Inspection Residential Appraisal Report**

GOPEZ/2011
File # GOPEZ/2011

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

SCOPE OF WORK:  The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a visual inspection of the exterior areas of the subject property from at least the street, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

The appraiser must be able to obtain adequate information about the physical characteristics (including, but not limited to, condition, room count, gross living area, etc.) of the subject property from the exterior-only inspection and reliable public and/or private sources to perform this appraisal. The appraiser should use the same type of data sources that he or she uses for comparable sales such as, but not limited to, multiple listing services, tax and assessment records, prior inspections, appraisal files, information provided by the property owner, etc.

INTENDED USE:  The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

INTENDED USER:  The intended user of this appraisal report is the lender/client.

DEFINITION OF MARKET VALUE:     The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:       The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

3. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

5. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

**Exterior-Only Inspection Residential Appraisal Report**    GOPEZ/2011
File # GOPEZ/2011

**APPRAISER'S CERTIFICATION:**    The  Appraiser  certifies  and  agrees  that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a visual inspection of the exterior areas of the subject property from at least the street. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

Exterior-Only Inspection Residential Appraisal Report

GOPEZ/2011
File # GOPEZ/2011

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

SUPERVISORY APPRAISER'S CERTIFICATION:    The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report    was    prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name   Henrik Saroukhanian | Name |
| Company Name   Arrow Appraisals, Inc. | Company Name |
| Company Address | Company Address |
| | |
| Telephone Number   (818) 247-7914 | Telephone Number |
| Email Address   Rick@ArrowAppraisalin.com | Email Address |
| Date of Signature and Report   2/1/2011 | Date of Signature |
| Effective Date of Appraisal   JANUARY 29 2011 | State Certification # |
| State Certification #   AR022815 | or State License # |
| or State License # | State |
| or Other (describe)   State # | Expiration Date of Certification or License |
| State   CA | |
| Expiration Date of Certification or License   5/25/2012 | SUBJECT PROPERTY |
| ADDRESS OF PROPERTY APPRAISED | ☐ Did not inspect subject property |
| 7409 MASON AVENUE | ☐ Did inspect exterior of subject property from street |
| CANOGA PARK, CA 91306 | Date of Inspection |
| APPRAISED VALUE OF SUBJECT PROPERTY $   260,000 | COMPARABLE SALES |
| LENDER/CLIENT | |
| Name | ☐ Did not inspect exterior of comparable sales from street |
| Company Name   GOPEZBERMEL C & DALISAY T | ☐ Did inspect exterior of comparable sales from street |
| Company Address   7409 MASON AVENUE, CANOGA PARK, | Date of Inspection |
| CA 91306 | |
| Email Address | |

Form 2055 - "TOTAL 2010" appraisal software by a la mode, inc. - 1-800-ALAMODE    Serial# 94842BEF

**Plat Map**

| Client | GOPEZBERMEL C & DALISAY T | | | | |
|---|---|---|---|---|---|
| Property Address | 7409 MASON AVENUE | | | | |
| City | CANOGA PARK | County LOS ANGELES | | State CA | Zip Code 91306 |
| Appraiser | Henrik Saroukhanian | | | | |



**Location Map**

| Client | GOPEZBERMEL C & DALISAY T | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 7409 MASON AVENUE | | | | | |
| City | CANOGA PARK | County | LOS ANGELES | State | CA | Zip Code 91306 |
| Appraiser | Henrik Saroukhanian | | | | | |



Form MAP.LOC - "TOTAL 2010" appraisal software by a la mode, inc. - 1-800-ALAMODE    Serial# 94842BEF

## Subject Photo Page

| Client | GOPEZBERMEL C & DALISAY T | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 7409 MASON AVENUE | | | | | |
| City | CANOGA PARK | County | LOS ANGELES | State | CA | Zip Code | 91306 |
| Appraiser | Henrik Saroukhanian | | | | | |



### Subject Front

7409 MASON AVENUE

| | |
|---|---|
| Sales Price | N/A |
| Gross Living Area | 1,324 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | AVG/BUSY |
| View | N/A |
| Site | 7,320 |
| Quality | AVG |
| Age | 56 |



### Subject Rear

### Subject Street



**Comparable Photo Page**

| Client | GOPEZBERMEL C & DALISAY T | | | | |
|---|---|---|---|---|---|
| Property Address | 7409 MASON AVENUE | | | | |
| City | CANOGA PARK | County | LOS ANGELES | State CA | Zip Code 91306 |
| Appraiser | Henrik Saroukhanian | | | | |



### Comparable 1
**20651 COVELLO STREET**

| | |
|---|---|
| Prox. to Subject | 0.28 miles NW |
| Sale Price | 239,000 |
| Gross Living Area | 1,216 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | AVG |
| View | NONE |
| Site | N/A |
| Quality | AVG |
| Age | 55 |



### Comparable 2
**7360 FULLBRIGHT AVENUE**

| | |
|---|---|
| Prox. to Subject | 0.14 miles E |
| Sale Price | 285,000 |
| Gross Living Area | 1,573 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | AVG |
| View | NONE |
| Site | N/A |
| Quality | AVG |
| Age | 55 |



### Comparable 3
**7336 DELCO AVENUE**

| | |
|---|---|
| Prox. to Subject | 0.12 miles SE |
| Sale Price | 350,000 |
| Gross Living Area | 1,720 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | AVG |
| View | NONE |
| Site | N/A |
| Quality | AVG |
| Age | 55 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as **MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

*23480 Park Sorrento, Suite 109 A*
*Calabasas, CA 91302*

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___2-24-11___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

*Elizabeth Rojas, Chapter 13 Trustee    cacb_ecf_sv@ch13wla.com*
*US Trustee    ustpregion16.wh.ecf@usdoj.gov*

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On _____2-24-11_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*The Honorable Maureen Tighe*

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| *2-24-11* | *Steve Wolvek* | |
| Date | Type Name | Signature |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 4                          **F 4003-2.4.MOTION**

**II. SERVED BY U.S. MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| Name of 1st Lien Holder & Address | Address from: | Delivery Method |
|---|---|---|
| *Bank of America*<br>*401 N. Tryon St*<br>*NC-1-021-02-20*<br>*Charlotte, NC 28255* | ☐ Proof of claim  ☒ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | ☒ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 1st Lien Holder- Agent for Service of Process | Address from:<br>☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 1st Lien Holder – Servicing Agent<br>*CT Corporation System*<br>*818 W. 7th St*<br>*LA, CA 90017* | Address from:<br>☐ Proof of claim  ☒ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☒ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |

| Name of 2nd Lien Holder & Address | Address from: | Delivery Method |
|---|---|---|
| *Bank of America*<br>*401 N. Tryon St*<br>*NC-01-021-02-20*<br>*Charlotte, NC 28255* | ☐ Proof of claim  ☒ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | ☒ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 2nd Lien Holder- Agent for Service of Process | Address from:<br>☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 2nd Lien Holder – Servicing Agent<br>*CT Corporation System*<br>*818 W. 7th St*<br>*LA, Ca 90017* | Address from:<br>☐ Proof of claim  ☒ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☒ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                    Page 5                    **F 4003-2.4.MOTION**

| Name of 3rd Lien Holder & Address | Address from: <br> ☐ Proof of claim  ☐ Secretary of State <br> ☐ FDIC website  ☐ Other: *specify* | **Delivery Method** <br> ☐ US Mail <br> ☐ Certified mail – <br> Tracking # _____ <br> ☐ Overnight mail – <br> Tracking #_____ <br> Carrier Name: _____ <br> _____ |
| Name of 3rd Lien Holder- Agent for Service of Process | Address from: <br> ☐ Proof of claim  ☐ Secretary of State <br> ☐ FDIC website  ☐ Other: *specify* | **Delivery Method** <br> ☐ US Mail <br> ☐ Certified mail – <br> Tracking # _____ <br> ☐ Overnight mail – <br> Tracking #_____ <br> Carrier Name: _____ <br> _____ |
| Name of 3rd Lien Holder – Servicing Agent | Address from: <br> ☐ Proof of claim  ☐ Secretary of State <br> ☐ FDIC website  ☐ Other: *specify* | **Delivery Method** <br> ☐ US Mail <br> ☐ Certified mail – <br> Tracking # _____ <br> ☐ Overnight mail – <br> Tracking #_____ <br> Carrier Name: _____ <br> _____ |

| Alternative/Additional Address <br> *Bank of America* <br> *PO Bx 26012* <br> *NC 4-105-02-99* <br> *Greensboro, NC 27420* | Address from: <br> ☐ Proof of claim  ☐ Secretary of State <br> ☐ FDIC website  ☐ Other: *specify* | **Delivery Method** <br> ☐ US Mail <br> ☐ Certified mail – <br> Tracking # _____ <br> ☐ Overnight mail – <br> Tracking #_____ <br> Carrier Name: _____ <br> _____ |
| Alternative/Additional Address | Address from: <br> ☐ Proof of claim  ☐ Secretary of State <br> ☐ FDIC website  ☐ Other: *specify* | **Delivery Method** <br> ☐ US Mail <br> ☐ Certified mail – <br> Tracking # _____ <br> ☐ Overnight mail – <br> Tracking #_____ <br> Carrier Name: _____ <br> _____ |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*October 2010*                                    Page 6                                    **F 4003-2.4.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

23901 Calabasas Road, Suite 1063, Calabasas, CA 91302

A true and correct copy of the foregoing document described <u>NOTICE OF MOTION AND MOTION TO EXTINGUISH LIEN OF CHASE BANK</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 1-27-10, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Elizabeth Rojas, Chapter 13 Trustee   cacb_ecf_sv@ch13wla.com
U.S. Trustee's Office                         ustpregion16.wh.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 1-27-10, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| C T CORPORATION SYSTEM<br>818 WEST SEVENTH ST<br>LOS ANGELES CA 90017<br>Agent for Service of Process for Chase Bank<br>and Everhome Mortgage | |
| Chase Bank<br>1111 POLARIS PARKWAY<br>COLUMBUS OH 43240 | Chase Bank<br>PO Box 94014<br>Palatine, IL 60094 |
| Everhome Mortgage<br>POB 2167<br>Jacksonville, FL 32232 | Everhome Mortgage<br>8100 Nations Way<br>Jacksonville, FL 32256 |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1-27-10 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Kathleen Thompson

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true

2 and correct.

3

| 1-27-10 | Steven A. Wolvek | |
|---------|------------------|---|
| *Date* | *Type Name* | *Signature* |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Notice of Motion to Extinguish Lien